## BELL LUMBER COMPANY v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY.[1]

November 30, 1928.

No. 26,903.

**Finding sustained that plaintiff refused to renew indemnity insurance with defendant.**

The evidence sustains a finding that the plaintiff refused to renew a policy of indemnity insurance in the defendant company, and that temporary coverage given to enable the plaintiff to determine whether it would renew had expired at the time of injuries to certain of its employes.

Liability Insurance, 36 C. J. § 124 p. 1125 n. 37.

Plaintiff appealed from an order of the district court for Ramsey county, Michael, J. denying its motion for a new trial. Affirmed.

*Thompson, Hessian & Fletcher,* for appellant.

*Orr, Stark & Kidder,* for respondent.

[1]Reported in 222 N. W. 72.

DIBELL, J.

Action to recover upon a policy of insurance indemnifying the plaintiff against loss through injury to its employes under circumstances entitling them to compensation. The insurance company denied liability. It was agreed at the trial that the question of liability should be determined first, and if it were found that the insurance company was liable the amount of the liability should be found later.

The trial was to the court without a jury. It found that there was no policy in force on November 8, 1926, or afterwards, when the various injuries occurred, and therefore no liability. The plaintiff appeals from the order denying its motion for a new trial.

The plaintiff had a policy of insurance in the defendant company, covering its payroll in Minnesota, which expired November 1, 1926. On that day or a day or two before an agent of the defendant, Eric Anderson, called at the office of the plaintiff. Mr. Bell, who was in control of the company, was not there. He was in the west. A conversation was had with Mr. Taylor, the auditor and office manager. There had been some bitter feeling on the part of Bell toward the defendant on account of prior dealings, and Taylor was not in a position to renew the policy. It was orally agreed that the plaintiff should have temporary coverage until the return of Bell, when the matter of a renewal of the policy would be submitted to him for decision. Anderson then wrote in the name of the defendant a letter to the plaintiff in these words:

"In accordance with my conversation with Mr. Taylor we understand that you will want your policy covering Minnesota operations renewed. This letter will be evidence of coverage until your policy is in your hands. It has been held up because the adjusted rates are not yet available."

There is no question but that the evidence sustains the finding that no agreement was reached between Taylor and Anderson except for temporary coverage. Anderson's letter was written in hope of a renewal, and some of the statements in it were beyond the under-

standing with Taylor. Bell returned from the west on November 3. The court finds that on that day in a conversation with Anderson, representing the defendant, he refused to renew the policy, "stated to Anderson in very forcible language that the defendant's said policy would not be renewed by the plaintiff;" that "this terminated all negotiations between the parties for a renewal of said policy, and the same was not renewed, and said temporary coverage arranged for on November 1, 1926, until Mr. Bell's return, then and there ceased and terminated on November 3, 1926." The accidents to the employes occurred on November 8 and subsequent days. There was no injury during the temporary coverage. The findings end the controversy.

Order affirmed.